ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **MANUEL REYES FONSECA**<br><br>Recurrido<br><br><br>v.<br><br><br>**HOSPITAL EPISCOPAL SAN LUCAS, INC. Y OTROS**<br><br>Peticionarios | **KLCE202400044** | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Guayama**<br><br>Civil Núm.: **GM2021CV00464 (303)**<br><br>Sobre:<br><br>**Accidentes en Establecimientos Comerciales** |

Panel integrado por su presidenta la jueza Domínguez Irizarry, la jueza Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de febrero de 2024.

Comparecen Deya Elevator Service, Inc. y Mapfre Praico Insurance Company, como aseguradora (en adelante Deya, y Mapfre respetivamente o parte peticionaria) y solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, en adelante TPI-Guayama, donde el 28 de noviembre de 2023 y notificado el 29 de noviembre del mismo año, declaró *No Ha Lugar* la Moción de *Sentencia Sumaria* presentada por los peticionarios. A su vez, la parte peticionaria solicitó una *Reconsideración* el 14 de diciembre de 2023, el Foro a *quo* declaró *No Ha Lugar* la *Moción de Reconsideración.*

La parte recurrida, Manuel Reyes Fonseca, (en adelante Reyes Fonseca o parte recurrida), compareció el 22 de enero de 2024 ante este Tribunal.

Por los fundamentos que se exponen a continuación, *se deniega* el auto de *Certiorari* solicitado. Veamos.

**I.**

El 26 de mayo de 2021 el recurrido Reyes Fonseca presentó una acción por daños y perjuicios en contra del Hospital Episcopal San Lucas, Inc. (en adelante Hospital), Deya Elevators (Deya) y su aseguradora Mapfre Praico Insurance Inc (en adelante Mapfre). En síntesis, el recurrido alegó que el 29 de noviembre de 2019 se encontraba en los predios del Hospital por razón de una cita médica. Cuando se disponía a subir a la oficina médica que iba a visitar Reyes Fonseca "se dirigió hacia el elevador y acto seguido la puerta del elevador golpeó su brazo derecho de manera contundente, no se retrajo para abrir y pinchó al demandante". Según la alegación del recurrido, "la puerta del elevador empujó al demandante para continuar cerrándose".[1]

Tras el accidente sufrido, Reyes Fonseca tuvo que ser sometido a una operación quirúrgica el 22 de mayo de 2020, donde también se le insertaron tornillos en su hombro derecho. Posteriormente tuvo que tomar tratamiento de terapia física y posteriormente medicamentos por el dolor sufrido. El peticionario alega que perdió gran parte de la movilidad de su brazo por motivo del golpe recibido.[2]

El 15 de septiembre de 2020 Reyes Fonseca advino en conocimiento que el control y mantenimiento del elevador lo ofrecía la compañía Deya Elevator Services, por lo que el 21 de octubre de 2020 le dirigió una reclamación extrajudicial. Una vez presentada la demanda, el 20 de octubre de 2021, Deya contestó la demanda de epígrafe y Mapfre presentó su contestación respectivamente el 15 de noviembre de 2021. Según admiten, Deya tenía un contrato de servicios con el Hospital para brindar mantenimiento y servicio a los elevadores de dicho hospital, el cual estaba vigente al momento de

---

[1] Apéndice I del Recurso de *Certiorari,* pág. 1-5, ¶¶ 8-13
[2] *Id.* ¶ 20-25

los hechos alegados en la demanda. No obstante, niegan haber actuado negligentemente en el servicio y mantenimiento brindado. En cuanto a Mapfre, se alegó que esta únicamente respondería si Deya era responsable, lo cual negó.[3]

Así las cosas y trabada la controversia entre las partes, la peticionaria presentó una *Solicitud de Sentencia Sumaria Parcial* el 17 de octubre de 2022, donde alegó que Reyes Fonseca no contaba con evidencia suficiente para sostener la alegada negligencia por parte de Deya y que, de la misma manera no contrató *prueba pericial* para establecer la causa del mal funcionamiento.[4] A estos fines, Reyes Fonseca se opuso el 7 de noviembre de 2023 mediante *Moción a Oposición a Sentencia Sumaria*.[5] Posteriormente, el 9 de noviembre del mismo año, Deya presentó una *Réplica* a dicha Moción. En esencia, Deya arguye que la oposición presentada por el recurrido no cumplió con la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V. R. 36.[6]

Ulteriormente, el Foro Primario declaró "No ha lugar" la *Sentencia Sumaria* mediante una *Resolución* emitida el 28 de noviembre de 2023, notificada el 29 de noviembre del mismo año.[7] Inconforme con la decisión del TPI-Guayama, la parte peticionaria mediante una *Solicitud de Reconsideración* al dictamen del Foro Primario el 14 de diciembre de 2023.[8] El Foro de Instancia declaró "*No ha Lugar*" la *Moción de Reconsideración* el 14 de diciembre de 2023, y dicha notificación fue efectuada el 15 de diciembre del mismo año.[9]

---

[3] Recurso de *Certiorari*, pág. 3.; Apéndice II y III del Recurso de *Certiorari*, pág.6-16.
[4] Apéndice IV del Recurso de *Certiorari*, pág. 17-49.
[5] Apéndice V del Recurso de *Certiorari*, pág. 50-55.
[6] Apéndice VI del Recurso de *Certiorari*, pág. 56-60.
[7] Apéndice VII del Recurso de *Certiorari*, pág. 62-64.
[8] Apéndice IX del Recurso de *Certiorari*, pág. 65-74.
[9] Apéndice X del Recurso de *Certiorari*, pág. 75.

Inconforme con el proceder del Foro Primario, el peticionario recurre ante este Foro y en su recurso le imputa al TPI-Guayama el siguiente señalamiento de error:

> **PRIMERO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA SOLICITUD DE SENTENCIA SUMARIA PARCIAL, EN SU MODALIDAD DE INSUFICIENCIA DE PRUEBA, PRESENTADA POR LAS PARTES CODEMANDADAS-PETICIONARIAS, DEYA Y MAPFRE, CARECIENDO LA PARTE DEMANDANTE-RECURRIDA DE EVIDENCIA ADMISIBLE SUFICIENTE PARA ESTABLECER DOS ELEMENTOS INDISPENSABLES DE SU CAUSA DE ACCION, A SABER, LA NEGLIGENCIA Y EL NEXO CAUSAL; ELLO LUEGO DE HABER LLEVADO A CABO UN DESCUBRIMIENTO DE PRUEBA COMPLETO, ADECUADO Y APROPIADO; LO CUAL HACE INNECESARIO LLEVAR A CABO UNA VISTA EVIDENCIARIA A ESOS EFECTOS.

El recurrido presentó su alegato en oposición el 22 de enero de 2024. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este Foro Apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98.

### B. Sentencia Sumaria

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Oriental Bank v. Caballero García*, 2023 TSPR 103, 212 DPR ___ (2023); *González Meléndez v. Municipio Autónomo de San Juan y otros*, 2023 TSPR 95, 212 DPR ___ (2023); Acevedo *Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros*, 2023 TSPR 80, 212 DPR ___ (2023); *Universal Insurance Company y otros v. Estado Libre Asociado de Puerto Rico y otros*, 2023 TSPR 24, 212 DPR ___ (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en

un juicio plenario y el derecho así lo permita. *Oriental Bank v. Caballero García,* supra; *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979-980 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y R. 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Id.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma, con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. Regla

36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García,* supra; *Pérez Vargas v. Office Depot,* 203 DPR 687, 698 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la antes citada Regla 36.3 de Procedimiento Civil, *supra. Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole,*

164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.,* pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra, pág. 44.

Sin embargo, **la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad**. *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. (Énfasis suplido). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Insurance Company y otros v. Estado Libre Asociado de Puerto Rico y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

*Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, "nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria". *González Santiago v. Baxter Healthcare,* 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo*, y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Id.* De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Id.*

Por otro lado, el Tribunal Supremo de Puerto Rico adoptó de la jurisprudencia federal la modalidad de sentencia sumaria por insuficiencia de la prueba.[10] En el caso normativo de *Medina v. M.S.&D Química P.R., Inc.* 135 DPR 716,732 (1994), añade nuestro más alto Foro que:

> [...] la parte promovente tiene el peso afirmativo de demostrar que se ha llevado a cabo un descubrimiento de prueba completo, adecuado y apropiado, o sea, que ha explorado concienzudamente la posibilidad de la existencia de una evidencia admisible. Esto significa que tiene que poner al tribunal en posición de evaluar la adecuacidad del descubrimiento de prueba que realizó. **Una simple alegación en la cual se concluya que no existe una evidencia suficiente para probar el caso no basta para apoyar una moción de sentencia sumaria de esta naturaleza**. Tampoco se considerará adecuado el descubrimiento de prueba cuando un análisis de los documentos sometidos con la moción, con la oposición y

---

[10] *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)

aquellos que constan en el récord, refleje que la parte promovente ha dejado de auscultar alguna información que le pudiera haber conducido a obtener una prueba admisible.

[...]

**La parte promovente tiene el peso de demostrarle al tribunal que la parte promovida no cuenta con una evidencia admisible suficiente para probar, por lo menos, un elemento esencial indispensable para su caso**.

*Medina v. M.S. & D. Química P.R., Inc.*, supra, pág. 733, reiterado en *Pérez v. El Vocero de PR*, 149 DPR 427, 448 (1999)

En resumen, señala el Tribunal Supremo de Puerto Rico que:

[...]para derrotar una moción de sentencia sumaria bajo la modalidad de la insuficiencia de la prueba, la parte promovida puede, entre otras cosas: presentar con su oposición una prueba admisible en evidencia o una prueba que pueda convertirse en admisible —aunque de momento no lo sea— o que dé lugar a una prueba admisible que demuestre que existe evidencia para probar los elementos esenciales de su caso; que hay prueba en el récord que puede convertirse en una prueba admisible y que derrotaría la contención de insuficiencia del promovente; que la moción es prematura porque el descubrimiento es inadecuado, está a medias o no se ha realizado, o que éste, por su naturaleza, no es un caso que conviene que se resuelva por el mecanismo expedito de la sentencia sumaria.

*Id.* pág. 734-735.

El Tribunal Supremo de Puerto Rico incorporó los requisitos necesarios para dictar sentencia sumaria en esta modalidad de insuficiencia de prueba, añadiendo además que:

[...] cuando la parte demandante no cuenta con evidencia suficiente para probar su caso y requiere del promovente establecer que: (1) el juicio en su fondo es innecesario; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial a su reclamación, y (3) como cuestión de derecho, procede la desestimación de la reclamación.

*Rodríguez Méndez v. Laser Eye*, 195 DPR 769, 786 (2016).

### C. Prueba Pericial y Reglas de Evidencia

Sabido es que, bajo las Reglas de Evidencia, 32 LPRA, Ap. VI, R. 110 surgen varios incisos que precisamos destacar para la más cabal comprensión de este asunto:

**Regla 110. Evaluación y suficiencia de la prueba**:

La juzgadora o el juzgador de hechos deberá evaluar la evidencia presentada con el propósito de determinar cuáles hechos han quedado establecidos o demostrados, con sujeción a los principios siguientes:

[…]

(C) Para establecer un hecho, no se exige aquel grado de prueba que, excluyendo posibilidad de error, produzca absoluta certeza.
(D) La evidencia directa de una persona testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que otra cosa se disponga por ley.

[…]

(F) En los casos civiles, la decisión de la juzgadora o del juzgador se hará mediante la preponderancia de la prueba a base de criterios de probabilidad, a menos que exista disposición al contrario. […]

### III.

Argumenta la parte peticionaria que, porque el recurrido no cuenta con un perito sobre el tema en cuestión, carece de pruebas para probar la negligencia de Deya y Mapfre respectivamente. Arguye además que el TPI-Guayama debió desestimar sumariamente por no contar con evidencia suficiente, entiéndase un perito, para probar un hecho esencial sobre su reclamación. *No le asiste la razón.*

Deya acepta que en nuestro estado de derecho **no existe una obligación de presentar prueba pericial para los casos donde se demuestren daños y perjuicios mediante la culpa o la negligencia,**[11] tal como se estableció en *Pérez v. El Vocero de PR,* supra. No puede ser de otra manera, que ante su reconocimiento de que no existe obligación de presentar prueba pericial, se proceda a desestimar sumariamente por falta de un perito. La jurisprudencia precitada, bien establece que el promovente de una moción de Sentencia Sumaria al amparo de la modalidad de insuficiencia de prueba, es decir que le correspondía a Deya demostrarle al Tribunal

---

[11] Apéndice IV del Recurso de *Certiorari*, pág. 25.

que Reyes Fonseca no cuenta con prueba esencial para probar su caso. La alegación de la necesidad de que Reyes Fonseca tenía que presentar un perito no derrota la alegada insuficiencia de prueba invocada por Deya sobre el recurrido.

Luego de analizar la Regla 52.1, antes citada y habida, cuenta de que, entendemos que no medió pasión, prejuicio, parcialidad o error manifiesto, y que el criterio rector se basa en la razonabilidad, encontramos que no surge evidencia suficiente que pruebe las alegaciones de la parte peticionaria y rebata la presunción de corrección que merece nuestra deferencia hacia el Foro Primario.

**IV.**

Por los fundamentos que anteceden, se *deniega* el auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones